**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FRANK LLP | ) | |
| 275 Madison Ave., Suite 705 | ) | |
| New York, N.Y. 10016, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| CONSUMER FINANCIAL | ) | |
| PROTECTION BUREAU | ) | |
| 1700 G St., N.W. | ) | |
| Washington, D.C. 20552, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**COMPLAINT**

Plaintiff Frank LLP brings this action against Defendant Consumer Financial Protection Bureau ("CFPB") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Frank LLP is a law firm that is registered as a limited liability partnership under the laws of the State of New York and whose address is 275 Madison Avenue, Suite 705, New York, N.Y. 10016. Plaintiff's law practice focuses on plaintiffs' litigation, particularly,

representing consumers who have been economically harmed by large corporations' unlawful actions.

4.    Defendant CFPB is an agency of the United States Government, and is thus an "agency" for the purposes of 5 U.S.C. § 552(f)(1).  The CFPB is headquartered at 1700 G Street, N.W., Washington, D.C. 20552.  The CFPB has possession, custody, and control of records to which Plaintiff seeks access.

## BACKGROUND

5.    Plaintiff serves as plaintiffs' counsel in a civil action brought on behalf of a proposed class of consumers against, among others, Portfolio Recovery Associates, LLC ("PRA"), for wrongful debt-collection practices.  *Toohey et al. v. Portfolio Recovery Assocs., LLC et al.*, No. 1:15-cv-08098-GBD (S.D.N.Y.).  PRA is one of the nation's largest debt buyers.

6.    Among the allegations in *Toohey* is that the defendants in that action—PRA, along with an outside law firm that has represented it in debt-collection lawsuits against New York residents—submitted affidavits falsely attesting to personal knowledge and review of valid proof of consumers' indebtedness.  In fact, the affiants who signed these boilerplate affidavits had merely glanced at computer screens containing the barebones data that PRA acquired at the time it purchased a given portfolio of charged-off consumer accounts.

7.    These materially misleading affidavits were submitted in state-court debt-collection lawsuits in furtherance of PRA's and its attorneys' goal of procuring judgments against consumers to which PRA was not entitled.  Among the claims in *Toohey* is that such

misconduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").[1]

8.      The claims and allegations in *Toohey* reflect findings of law and fact that the CFPB included in a consent order against PRA for wrongful debt-collection activities from at least July 2011 onward.  *See* Consent Order ¶¶ 27–36, 44–55, 98–102, *In re Portfolio Recovery Assocs., LLC*, Admin. Proc. No. 2015-CFPB-0023 (Sept. 8, 2015).[2]

9.      As of the date of this pleading, the district court in *Toohey* has denied the defendants' motions to dismiss the FDCPA claims.  *See Toohey*, ___ F. Supp. 3d ___, ___, 2016 U.S. Dist. LEXIS 111534, at *10–27 (S.D.N.Y. Aug. 22, 2016).  A scheduling conference is scheduled for December 1, 2016.

10.     Records and information in the CFPB's possession that pertain to the CFPB's findings against PRA and its attorneys constitute evidence that would greatly strengthen the claims of the plaintiff and putative class in *Toohey*.  Plaintiff seeks the documents underpinning the CFPB's findings of act.

## OVERVIEW OF THIS FOIA ACTION

11.     Plaintiff filed a FOIA request with the CFPB seeking access to documents in the CFPB's possession that pertain to findings in the Consent Order that mirror allegations made by Plaintiff on behalf of the plaintiff and putative class in *Toohey*.

12.     The CFPB has repeatedly refused to provide Plaintiff with access to any of the documents responsive to Plaintiff's FOIA request (or to any portions thereof).  The CFPB has

---

[1] *See* Class Action Compl. ¶¶ 2–10, 22, 26–40, 50–56, 57–65, *Toohey*, No. 1:15-cv-08098-GBD (S.D.N.Y. Oct. 14, 2015), ECF No. 1, annexed hereto as Exhibit A.

[2] The Consent Order is annexed hereto as Exhibit B.

failed to state any valid basis in fact or law for its decision to withhold these records, and has ignored its obligation to conduct a segregability review of these records.

13.     Plaintiff, having exhausted all administrative remedies, now files this complaint.

## STATEMENT OF FACTS

14.     On February 20, 2016 Plaintiff submitted a FOIA request to the CFPB ("Request") seeking, among other things, access to the records and information reflected in the findings of fact set forth in Paragraph 50 of the Consent Order.[3]

15.     The Request further sought access to records and information reflecting the individual state-court debt-collection lawsuits in which PRA and its attorneys had submitted affidavits falsely attesting to personal knowledge and review of valid proof of indebtedness ("State Lawsuit Records").

16.     In a letter dated February 26, 2016 ("First Denial"), the CFPB denied Plaintiff's Request, arguing that the FOIA exemption codified at 5 U.S.C. § 552(b)(4) ("Exemption 4") allowed the CFPB to withhold the records and information reflecting the findings of fact set forth in Paragraph 50 of the Consent Order.[4]

17.     The First Denial paraphrased the statutory language comprising Exemption 4, and provided a generalized overview of how courts tend to interpret it, but did not provide the required detailed justification identifying why Exemption 4 is relevant and correlating those reasons with the particular parts of the withheld documents to which they apply.

18.     The First Denial did not address Plaintiff's demand for State Lawsuit Records.

---

[3]  Plaintiff's Request is annexed hereto as Exhibit C.

[4]  The CFPB's First Denial is annexed hereto as Exhibit D.  The First Denial designated the Request as "FOIA Request #CFPB-2016-135-F."

19.     In a letter dated March 25, 2016 ("First Appeal"), Plaintiff appealed the CFPB's denial of the Request.  The First Appeal explained why the requested records and information could not possibly be "commercial" or "confidential" for purposes of Exemption 4.[5]

20.     Plaintiff's First Appeal also called attention to the fact that, even assuming that Exemption 4 applied to certain of the documents responsive to Plaintiff's request (or to portions thereof), the CFPB had neglected its obligation under 5 U.S.C. § 552(b) to identify and segregate the exemptible information, and produce the information to which Exemption 4 does not apply.

21.     Plaintiff's First Appeal additionally called attention to the fact that the First Denial had failed to address the Request's demand for State Lawsuit Records.

22.     In an appellate determination letter dated April 25, 2016 and signed by CFPB Assistant General Counsel John R. Coleman ("First Appellate Determination"), the CFPB remanded Plaintiff's Request to the CFPB's FOIA Office.[6]  Mr. Coleman's letter instructed the FOIA Office to (1) consider the applicability of the FOIA exemption codified at 5 U.S.C. § 552(b)(7)(E) ("Exemption 7(E)"), and (2) address in the first instance the Request's demand for State Lawsuit Records.

23.     In a letter dated June 3, 2016 and issued by the CFPB's FOIA Office ("Second Denial"), the CFPB stated that records and information responsive to the Request "would be withheld in full pursuant to [Exemption 7(E)]."[7]  As to the State Lawsuit Records, the Second Denial stated that "documents containing the individual state[-]court debt[-]collection lawsuits are attachments to documents that are withheld in full pursuant to [Exemption 4]."

---

[5]  Plaintiff's First Appeal is annexed hereto as Exhibit E.

[6]  The CFPB's First Appellate Determination is annexed hereto as Exhibit F.

[7]  The CFPB's Second Denial is annexed hereto as Exhibit G.  The Second Denial re-designated Plaintiff's Request as "FOIA Request #CFPB-2016-228-F."

24.     Plaintiff appealed the Second Denial in a letter dated June 17, 2016 ("Second Appeal"), which explained why neither Exemption 4 nor Exemption 7(E) allowed the CFPB to withhold documents responsive to the Request.[8]

25.     The Second Appeal further explained that the Second Denial's treatment of the Request's demand for State Lawsuit Records highlighted and confirmed the CFPB's continuing refusal to comply with its obligation under FOIA to segregate and disclose all non-exemptible portions of documents responsive to the Request.

26.     In an appellate determination letter dated July 19, 2016 and signed by Mr. Coleman ("Second Appellate Determination"),[9] the CFPB denied the "primary" aspect of the Request—i.e., so much of the Request as sought records and information reflecting the findings of fact set forth on Paragraph 50 of the Consent Order.  In so doing, the CFPB invoked not only Exemption 7(E), but also the FOIA exemption codified at 5 U.S.C. § 552(b)(7)(A) ("Exemption 7(A)").  The Second Appellate Determination did not discuss the applicability of Exemption 4.

27.     As to Plaintiff's appeal of the Second Denial's denial of the Request's demand for State Lawsuit Records, the Second Appellate Determination granted in part and denied part.  Mr. Coleman acknowledged that the CFPB possesses documents reflecting individual state-court debt-collection lawsuits in which PRA and its attorneys submitted affidavits falsely attesting to personal knowledge and review of valid proof of indebtedness.  However, he went on to state that, while "[t]he individual lawsuits in the [CFPB's] files <u>may</u> include those in which misleading affidavits were filed, . . . whether or not that is the case is not evident by review of the files." (emphasis original).

---

[8]  Plaintiff's Second Appeal is annexed hereto as Exhibit H.

[9]  The CFPB's Second Appellate Determination is annexed hereto as Exhibit I.

28.     Despite partially granting Plaintiff's appeal of the denial of the Request's demand for State Lawsuit Records, the Second Appellate Determination failed to accordingly remand to the CFPB's FOIA Office for further consideration of the demand for State Lawsuit Records.

29.     The Second Appellate Determination apprised Plaintiff of its right to seek judicial review in this District as to the CFPB's treatment of the Request.  Plaintiff has exhausted all available administrative remedies with regard to the Request.

30.     Contrary to the CFPB's assertions, neither Exemption 4, nor Exemption 7(A), nor Exemption 7(E) permits the CFPB to withhold, in full or in part, the records and information responsive to the Request.

**COUNT I**
**(Violation of FOIA, 5 U.S.C. § 552)**
**(Withholding Of Records)**

31.     Plaintiff repeats, realleges, and reincorporates all paragraphs above as though fully set forth herein.

32.     The CFPB, an agency subject to FOIA pursuant to 5 U.S.C. § 552(f)(1), is unlawfully withholding records requested by Plaintiff pursuant to FOIA.

33.     The CFPB has asserted no lawful or factual basis for withholding the records responsive to Plaintiff's Request.

34.     Even assuming that certain records responsive to Plaintiff's Request (or portions thereof) are subject to the exemptions cited by the CFPB in denying the Request, the CFPB has neglected its obligation under 5 U.S.C. § 552(b) to segregate the exemptible information and produce the non-exempt information.

35.     Plaintiff has exhausted all administrative remedies with regard to the CFPB's unlawful withholding of the records responsive to the Request.

36.     Plaintiff is being irreparably harmed by reason of the CFPB's unlawful withholding of the records responsive to Plaintiff's FOIA request, and will continue to be irreparably harmed unless the CFPB is compelled to comply with its obligations under FOIA. Specifically, lack of access to these records hinders Plaintiff's ability to represent the plaintiff and putative class in *Toohey*.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a.      Expedite this proceeding as provided for in 28 U.S.C. § 1657;

b.      Declare that the records responsive to Plaintiff's Request must be disclosed by the CFPB pursuant to 5 U.S.C. § 552, or, in the alternative, conduct an in camera segregability review of these records and order disclosed any non-exempt records (or portions of records);

c.      Enjoin the CFPB from continuing to withhold any and all non-exempt records (or portions of records) responsive to Plaintiff's FOIA Request;

d.      Order the CFPB to produce a "*Vaughn* index"[10] of any and all records responsive to Plaintiff's Request that have been withheld by the CFPB under a claim of exemption;

e.      Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) or any other applicable law; and

f.      Grant Plaintiff such other and further relief as this Court might deem just and proper.

---

[10] *See Vaughn v. Rosen*, 484 F.2d 820, 827–28 (D.C. Cir. 1973).

Dated:  October 21, 2016

Respectfully submitted,

/s/  *Gregory A. Frank*
Gregory A. Frank
(D.C. Bar No. NY0216)
Frank LLP
275 Madison Avenue
Suite 705
New York, NY  10016
(212) 682.1853
gfrank@frankllp.com

*Counsel for Plaintiff*